IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

KHAMMAY KEOMANIVONG,

    Petitioner,                     No. CIV S-07-2409 FCD EFB P

    vs.

ROBERT A. HOREL, Warden,

    Respondent.                FINDINGS AND RECOMMENDATIONS

_____/

    Petitioner is a state prisoner without counsel seeking a writ of habeas corpus. *See* 28 U.S.C. § 2254. On April 25, 2008, respondent moved to dismiss on the ground that petitioner failed to exhaust available state remedies. On June 13, 2008, the court informed petitioner of the requirements for filing an opposition to a motion to dismiss, gave petitioner 30 days to file an opposition or statement of no opposition and warned him that failure to do so would result in dismissal. On July 7, 2008, petitioner filed a one-page opposition to the motion to dismiss. For the reasons explained below, the court finds that the petition contains an unexhausted claim and recommends that respondent's motion to dismiss be granted. The court further recommends that petitioner be ordered to show good cause for his failure to exhaust his unexhausted claim, or in the alternative, to file an amended petition with exhausted claims only.

////

# I. Procedural History

On September 4, 2003, petitioner was convicted by a jury of first-degree murder, with two special circumstances found true. Pet. at 2. He was sentenced to two life terms without the possibility of parole. *Id.* On February 8, 2005, petitioner appealed the superior court's judgment to the California Court of Appeal, Third Appellate District. Resp.'s Mot. to Dism., Docs. Lodg. in Supp. Thereof ("Lodged Doc.") 1. On October 16, 2006, the appellate court modified the judgment as to sentencing but otherwise affirmed. Lodged Doc. 4 at 2. On November 28, 2006 petitioner sought review from the California Supreme Court. Lodged Doc. 5. Review was denied on February 7, 2007. Lodged Doc. 6. On November 8, 2007, petitioner filed the instant petition.

# II. Standards

A district court may not grant a petition for a writ of habeas corpus unless "the applicant has exhausted the remedies available in the courts of the State," or unless there is no State corrective process or "circumstances exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C. § 2254(b)(1). A petitioner satisfies the exhaustion requirement by presenting the "substance of [his] federal habeas corpus claim" to the state courts. *Picard v. Connor*, 404 U.S. 270, 278 (1971) (no exhaustion where the petitioner presented operative facts but not legal theory to state courts); *see also Duncan v. Henry*, 513 U.S. 364, 365 (1995) (to exhaust a claim, a state court "must surely be alerted to the fact that the prisoners are asserting claims under the United States Constitution"). A claim is unexhausted if any state remedy is available. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 848 (1999) (petitioner must seek discretionary review from state court of last resort); *Roberts v. Arave*, 847 F.2d 528, 529 (9th Cir. 1988) (no exhaustion where state supreme court referred petitioner's appeal of trial court's denial of post-conviction relief to lower appellate court and petitioner failed to appeal lower court's disposition of that appeal to state supreme court). For a California prisoner to exhaust, he must present his claims to the California Supreme Court on appeal in a petition for

review or on post-conviction in a petition for a writ of habeas corpus. *See Carey v. Saffold*, 536 U.S. 223, 239-40 (2002) (describing California's habeas corpus procedure); *Gatlin v. Madding*, 189 F.3d 882, 888 (9th Cir. 1999) (to exhaust, prisoner must present claims on appeal to California Supreme Court in a petition for review).

A mixed petition, i.e., one containing exhausted and unexhausted claims, ordinarily must be dismissed. *Rose v. Lundy*, 455 U.S. 509, 522 (1982). However, the court may stay a mixed petition to allow a petitioner to present unexhausted claims to the state courts. *Rhines v. Weber*, 544 U.S. 269, 277-78 (2005). Since "granting a stay effectively excuses a petitioner's failure to present his claims first to the state courts, stay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court." *Id.* at 277.

## III. Analysis

Petitioner raises nine grounds for relief in the instant petition. Pet. at 5-6, 8-12. Respondent argues, however, that petitioner's first claim is unexhausted because it "was not fairly presented to the state's highest court." Resp.'s Mot. to Dism. at 3-4. Petitioner's first claim is that his "conviction was obtained by use of [a] coerced confession." Pet. at 5. Petitioner adds that his "confession was induce[d] by the fruit of [an] involuntary voice stress test," and that he "did not voluntarily waive [his] rights to take [the] voice stress test." *Id.*

A review of petitioner's state court filings reveals that he did not present this claim to the state's highest court.[1] Although petitioner included a Sixth Amendment ineffective assistance of counsel claim in his petition for review by the supreme court, which *indirectly* raises the first claim in the instant petition, this is insufficient to exhaust the federal claim. *See* Lodged Doc. 5

---

[1] Petitioner's petition for review by the California Supreme Court raises ten claims for relief. Lodged Doc. 5. The court notes, however, that only four of those claims are apparent on the face of the petition, as the fifth claim states only that it "incorporates by reference the six arguments for review made by co-appellant Ek in Ek's petition for review." *Id.* at 18. Neither party has provided the court with a copy of Ek's petition for review.

(November 28, 2006 Petition for Review by the California Supreme Court) at 3 (arguing that he "was denied the assistance guaranteed by the Sixth Amendment when counsel failed to seek suppression of [petitioner's] admissions . . . on Fourth, Fifth or Fourteenth Amendment grounds."); *see also Rose v. Palmateer*, 395 F.3d 1108, 1112 (9th Cir. 2005) ("[A]lthough Rose's Fifth Amendment claim is related to his claim of ineffective assistance of counsel, he did not fairly present the Fifth Amendment claim to the state courts when he merely discussed it as one of several issues which were handled ineffectively by his trial and appellate counsel. While admittedly related, they are distinct claims with separate elements of proof, and each claim should have been separately and specifically presented to the state courts."). Additionally, the court observes that the supreme court denied petitioner's petition for review with no explanation. Lodged Doc. 6. Thus, the supreme court could have denied petitioner's Sixth Amendment claim regardless of whether his Fourth, Fifth or Fourteenth Amendment rights were violated. *See Rose*, 395 F.3d at 1112 ("In order to prevail on his Sixth Amendment claim, Rose was required to show that his counsel's representation 'fell below an objective standard of reasonableness' and that 'there [was] a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.' Pursuant to this standard, Rose's Sixth Amendment claim could have been rejected regardless of whether his Fifth Amendment rights were violated.") (citation omitted). Accordingly, since petitioner has not fairly presented his first claim to the state's highest court, the court finds that petitioner's first claim is unexhausted.

The court may stay this action and hold it in abeyance while petitioner presents his unexhausted claim to the California courts. *Rhines*, 544 U.S. at 277-78. However, petitioner carries the burden of demonstrating that he has good cause for his failure to exhaust, that the unexhausted claims potentially have merit and that petitioner has not engaged in intentionally dilatory litigation tactics. *Id.* Petitioner has not addressed any of these factors in his July 7, 2008, opposition to respondent's April 25, 2008, motion to dismiss.

////

Accordingly, it is hereby RECOMMENDED that:

1. Respondent's motion to dismiss be granted; and

2. Petitioner be granted 30 days to file an amended petition including exhausted claims only or to request a stay, explaining why this court should stay this action and hold it in abeyance by making the "good cause" showing required by the United States Supreme Court in *Rhines*. Petitioner's failure to comply with one of these alternatives will result in a recommendation that this action be dismissed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

Dated: March 9, 2009.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE