IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

KHAMMAY KEOMANIVONG,

    Petitioner,                   No. CIV S-07-2409 FCD EFB P

    vs.

ROBERT A. HOREL, Warden, et al.,

    Respondents.             ORDER

_____/

        Petitioner is a state prisoner without counsel seeking a writ of habeas corpus. *See* 28 U.S.C. § 2254. Petitioner has filed untimely objections to the magistrate judge's March 9, 2009 findings and recommendations, which the court construes as a request for reconsideration of the undersigned's April 2, 2009 order adopting the findings and recommendations in full.

        This case was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local General Order No. 262.  On March 9, 2009, the magistrate judge issued findings and recommendations, which found that petitioner's first claim for relief was unexhausted and recommended that petitioner be granted 30 days to file an amended petition including exhausted claims only or to request a stay.  The parties had fourteen days to file objections to the findings and recommendations, and neither party filed objections during this period.  After reviewing the entire file, the undersigned issued an order, filed April 2, 2009,

adopting the findings and recommendations in full. The court also granted petitioner's request for an extension of time to file a request for a stay. On April 27, 2009, after petitioner filed an amended petition that appears to include only his unexhausted claim, petitioner filed objections to the findings and recommendations, which the court construes as a request for reconsideration of its April 2, 2009 order.

Although motions to reconsider are directed to the sound discretion of the court, Frito-Lay of Puerto Rico, Inc. v. Canas, 92 F.R.D. 384, 390 (D.C. Puerto Rico 1981), considerations of judicial economy weigh heavily in the process. Thus, Local Rule 78-230(k) requires that a party seeking reconsideration of a district court's order must brief the "new or different facts or circumstances . . . [which] were not shown upon such prior motion, or what other grounds exist for the motion." The rule derives from the "law of the case" doctrine which provides that the decisions on legal issues made in a case "should be followed unless there is substantially different evidence . . . new controlling authority, or the prior decision was clearly erroneous and would result in injustice." Handi Investment Co. v. Mobil Oil Corp., 653 F.2d 391, 392 (9th Cir. 1981); see also Waggoner v. Dallaire, 767 F.2d 589, 593 (9th Cir. 1985), cert. denied, 475 U.S. 1064 (1986).

Petitioner has failed to demonstrate any new or different facts or circumstances which did not exist or were not shown upon the prior motion. See E.D. Local Rule 78-230(k). Accordingly, IT IS ORDERED that petitioner's request for reconsideration is hereby DENIED

DATED: June 4, 2009.

_____
FRANK C. DAMRELL, JR.
UNITED STATES DISTRICT JUDGE